IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FREDRICK BILLUPS
#151776                                                                                                                 PLAINTIFF

v.                                            4:22-cv-01026-LPR-JJV

MCFADDEN, Officer,
Pulaski County Regional Detention Facility; *et al.*                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Frederick Billups ("Plaintiff") is a pretrial detainee at the Pulaski County Regional Detention Facility. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff says in July, August, and September 2022, Officers McFadden, Robinson, Daniels, Parker, and Grant each supervised 190 detainees in a pod alone, and without any assistance from other guards. (*Id.*) As a result, Plaintiff and the other detainees were not allowed out of their individual cells, and thus, were unable to have recreation time, make phone calls, receive or send mail, take showers, use legal materials, or file grievances. Plaintiff says

this happened on scattered days during each of the Defendant's shifts. But he does not explain if these restrictions continued after the shifts were over. In other words, it is impossible to tell how long Plaintiff was continuously denied recreation time or other out of cell privileges. Plaintiff brings these vague claims against Defendants in their official and personal capacities. After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, Plaintiff's claims against Defendants in their official capacities "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Pulaski County cannot be held vicariously liable for Defendants' actions in a § 1983 lawsuit. *See Id.* Instead, Pulaski County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff has not raised any such allegations. Instead, he says Defendants violated jail rules and policies when they supervised too many detainees alone and restricted their out of cell privileges. Thus, he has not pled any plausible official capacity claims. *See Johnson v. Blaukat,* 453 F.3d 1108, 1114 (8th Cir. 2006) (finding no § 1983 liability when the county's policies, which were facially constitutional, were not followed by county employees).

As to the claims raised against Defendants in their personal capacities, a § 1983 claim must be based on the violation of a federal statutory or constitutional right. 42 U.S.C. § 1983;

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

*Roberson v. Dakota Boys & Girls Ranch,* 42 F.4th 924, 928 (8th Cir. 2022). But Plaintiff does not have a constitutional or federal statutory right to a grievance procedure or to enforce compliance with other internal jail policies and rules. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, his allegations Defendants violated internal jail rules and failed to properly process his grievances do not rise to the level of a constitutional violation.

Plaintiff also says Defendants subjected all 190 detainees to cruel and unusual punishment and denied them access to the courts when they restricted their out of cell time and privileges. But, as "a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008). To establish standing, a plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action" and the injury will be redressed by a favorable judgment. *Cross v. Fox,* 23 F.4th 797, 800 (8th Cir. 2022); *see also Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (to plead a plausible access to the courts claim, a prisoner must explain how he or she was personally hindered from proceeding "with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights"; general allegations on behalf of all prisoners are insufficient). The Complaint does not explain how long Plaintiff's out of cell privileges were continuously restricted or how he was personally harmed by such restrictions. Thus, he has not established standing or provided enough specific facts to plead a plausible § 1983 claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a §

1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

Finally and importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 4.) The time for Plaintiff to file an Amended Complaint has expired. And, for the reasons explained herein, I conclude his original Complaint does not contain any plausible claims for relief.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 4th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE